**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO:  TDC-24-211 |
| HOAU-YAN WANG, | |
| Defendant. | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**DEFENDANT HOAU-YAN WANG'S MOTION TO DISMISS THE INDICTMENT**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................1

II. LEGAL STANDARD ......................................................................................................2

III. ARGUMENT ..................................................................................................................3

    A.   The Indictment alleges materiality................................................................................4

    B.   The major fraud against the United States and false statements charges
         are not time-barred ........................................................................................................6

    C.   The Indictment properly alleges major fraud against the United States ........................8

    D.   Venue for the major fraud against the United States charge is proper
         in this district.................................................................................................................9

    E.   The facts alleged in the Indictment are more than sufficient to
         fairly inform the Defendant of the charges against him ...............................................1

CONCLUSION...................................................................................................................16

CERTIFICATE OF SERVICE ...........................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*United States v. Ahmad*,
No. 14-164, 2014 WL 2766121 (E.D. Va. June 18, 2014) ...................................................... 15

*United States v. Am. Waste Fibers Co.*,
809 F.2d 1044 (4th Cir. 1987) .................................................................................. 3, 8, 13

*United States v. Armocida*,
515 F.2d 49 (3d Cir. 1975)........................................................................................... 16

*United States v. Bowens*,
224 F.3d 302 (4th Cir. 2000) ................................................................................... 10, 11

*United States v. Brandon*,
298 F.3d 307 (4th Cir. 2002) ............................................................................... 2, 3, 13

*United States v. Brewbaker*,
87 F.4th 563 (4th Cir. 2023) ........................................................... 1, 2, 5, 8, 13, 14

*United States v. Brooks*,
111 F.3d 365 (4th Cir. 1997) ........................................................................................ 9

*United States v. Carroll*,
510 F.2d 507 (2d Cir. 1975)........................................................................................ 16

*United States v. Ebersole*,
411 F.3d 517 (4th Cir. 2005) ..................................................................................... 10

*United States v. Encarnacion*,
925 F.2d 1457 (4th Cir. 1991) ...................................................................................... 3

*United States v. Gibson*,
327 F. App'x 391 (4th Cir. 2009)................................................................................. 2

*United States v. Kilrain*,
566 F.2d 979 (5th Cir. 1978) ..................................................................................... 16

*United States v. Kingrea*,
573 F.3d 186 (4th Cir. 2009) ................................................................................. 2, 12

*United States v. Lamson*,
993 F.2d 1540 (4th Cir. 1993) ..................................................................................... 2

*United States v. Livingston*,
No. 15-CR-201, 2016 WL 743399 (E.D. Va. Feb. 23, 2016) .................................................. 16

*United States v. Oaks*,
302 F.Supp.3d 716 (D. Md. 2018) ......................................................................................... 2

*United States v. Powers,*
40 F.4th 129 (4th Cir. 2022) ................................................................................................ 2

*United States v. Schembari*,
484 F.2d 931 (4th Cir. 1973) ........................................................................................ 3, 15

*United States v. Verclas*,
No. GJH-18-160, 2019 WL 95148 (D. Md. Jan. 3, 2019) ............................................. 10, 11

## Statutes

18 U.S.C. § 2 ...................................................................................................................... 1, 13

18 U.S.C. § 1001 ................................................................................................................ 1, 13

18 U.S.C. § 1031 .................................................................................................. 1, 9, 13, 14

18 U.S.C. § 1343 ........................................................................................................ 1, 13, 14

18 U.S.C. § 3237(a) ........................................................................................................ 10, 11

## Rule

Fed. R. Crim. P. 7 ............................................................................................................. 3, 15

Fed. R. Crim. P. 12(b)(3)(B) ................................................................................................. 2

## Other Authorities

NIH Grants and Funding, *Multiple Principal Investigators, available at*
https://grants.nih.gov/grants-process/plan-to-apply/consider-your-idea-resources-and-
collaborators/multiple-principal-investigators (last visited Nov. 4, 2024) ...................................11

NIH RePORTER, *Food Effect study and drug supply scale-up for [Drug A]*,
*available at* https://reporter.nih.gov/search/2eMBiU0DOUytnbqJNc88PA/project-
details/10216906 (last visited Nov. 4, 2024) ........................................................................6

The United States of America, by and through its undersigned counsel, hereby files its Response in Opposition to the Defendant's Motion to Dismiss the Indictment. *See* ECF No. 48. There is no basis on which to dismiss the Indictment, as demonstrated by the Defendant's inability to find any court that has ever done so on analogous facts. The essence of the Defendant's arguments is, at most, unsupported disagreement with the accuracy, meaning, or completeness of the factual allegations in the Indictment, which the Fourth Circuit has rejected as a basis for dismissal of an indictment. *See United States v. Brewbaker,* 87 F.4th 563, 579 (4th Cir. 2023) (citation omitted). The Defendant's Motion should be denied and no relief should be granted.

## I. BACKGROUND

On June 27, 2024, a grand jury sitting in the District of Maryland returned an indictment charging Defendant Hoau-Yan Wang with (1) one count of major fraud against the United States, in violation of 18 U.S.C. §§ 1031 and 2; (2) two counts of wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; and (3) and one count of false statements, in violation of 18 U.S.C. §§ 1001 and 2.

The Indictment alleges a scheme executed by the Defendant in which he fraudulently obtained grant funding from U.S. National Institutes of Health ("NIH") by making materially false representations relating to his scientific research in NIH grant applications and other documents. *See generally,* ECF No. 1. On October 28, 2024, the Defendant filed a motion to dismiss the Indictment based on arguments that the Indictment fails to allege materiality, that the major fraud against the United States and the false statement counts are time barred, that the Indictment fails to allege the grant sought was valued at more than $1 million, that the major fraud against the United States count lacks venue in the District of Maryland, and the that the 15-page, 39-paragraph speaking Indictment did not put him on fair notice of the crimes alleged. *See* ECF No. 48.

## II. LEGAL STANDARD

The Defendant correctly states Rule 12, which provides that a defendant may move to dismiss an indictment based on a defect in the indictment, which includes lack of specificity and failure to state an offense. ECF No. 48 at 7 citing Fed. R. Crim. P. 12(b)(3)(B). As the Fourth Circuit has explained—"[a]n indictment must contain the elements of the offense charged, [and] fairly inform a defendant of the charge." *Id.* citing *United States v. Kingrea*, 573 F.3d 186, 191, 194 (4th Cir. 2009) (affirming the dismissal of a conspiracy charge for failure to include an essential element of the underlying substantive offense). "Usually 'an indictment is sufficient if it alleges an offense in the words of the statute,' as long as the words used in the indictment 'fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence,'" and they extend beyond "simply parroting the language of the statute" to contain a "'statement of the *essential facts* constituting the offense charged.'" *United States v. Brandon*, 298 F.3d 307, 310 (4th Cir. 2002) (internal citations omitted). "A district court is limited to considering the factual allegations in the indictment and must accept them as true in ruling on a motion to dismiss." *Brewbaker,* 87 F.4th at 579; *United States v. Oaks*, 302 F. Supp. 3d 716, 720 (D. Md. 2018) (citation omitted).

However, the Defendant failed to set forth the remedy available in a situation where an indictment sets forth all the elements and essential facts and a defendant's complaint is that the indictment lacks sufficient factual detail. *See* ECF No. 48 at 7-9. The available remedy in that situation is for the Defendant to seek a bill of particulars, not dismissal. *United States v. Powers,* 40 F.4th 129, 136 (4th Cir. 2022) ("A defendant who needs evidentiary details beyond those provided in the indictment to prepare his defense may seek a bill of particulars." (citation omitted)); *United States v. Gibson*, 327 F. App'x 391, 392 (4th Cir. 2009); *United States v. Lamson*, 993 F.2d

1540 (4th Cir. 1993) *United States v. Encarnacion*, 925 F.2d 1457 (4th Cir. 1991); *United States v. Am. Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished.'").

## III. ARGUMENT

Notwithstanding the Defendant's framing of his arguments, he has alleged only that the Indictment is factually insufficient and has cited no authority in which a court has dismissed an Indictment in similar circumstances. Under Fourth Circuit law, therefore, his only remedy is to seek a bill of particulars, not to seek a dismissal of the Indictment.[1] *See Am. Waste Fibers Co.*, 809 F.2d at 1047. Furthermore, the Defendant is not entitled to a bill of particulars here because the Indictment gives a plain, concise, and definite written statement of the essential facts constituting the offenses charged, pursuant to Rule 7, and the government has provided the underlying factual information to the defense in discovery and other communications. *See United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). The Indictment plainly alleges the statutory elements of each charged count, which are not time-barred as alleged, and alleges sufficient facts to inform the Defendant of the charges against him. *See Brandon*, 298 F.3d at 310. To make his arguments, the Defendant ignores the plain language of the Indictment and fails to accept the allegations as true by, among other things, arguing unsubstantiated facts outside the four corners of the allegations in

---

[1] The Defendant has requested a bill of particulars as an alternative remedy, notwithstanding fifteen pages of allegations in the Indictment, the government's offer at the initial status conference to engage with defense counsel to avoid a bill of particulars (which counsel did not accept), and the government's specific identification of a limited set of materials to defense counsel that analyze the core misrepresentations alleged, including a number of fabricated figures included across the NIH grant applications identified in the Indictment. *See* ECF No. 48 at 23, n.8.

the Indictment. If anything, the Defendant's motion raises factual issues best addressed at trial. The motion to dismiss should be denied.

## There is no basis to dismiss the Indictment or any of its charges

The Defendant styles his pre-trial motion to dismiss the Indictment as a motion for lack of specificity and failure to state an offense under Rule 12, but he alleges factual deficiencies, not legal deficiencies. *See* ECF No. 48. Although the Defendant incorrectly states that one of the elements of the charged offenses—materiality—was not alleged, his five claims only amount to factual complaints. *See generally, id.* More specifically, the Defendant argues that (1) all of the charged counts fail to allege materiality; (2) that Count 1 and Count 4 are time-barred; (3) that Count 1 does not "meet the $1 million statutory threshold" required; (4) Count 1 is not venued in the District of Maryland; and (5) that the Indictment is so vague that it fails to put the Defendant on notice of the charged conduct. ECF No. 48 at 10-23.

### A. **The Indictment alleges materiality**

In each of the charged counts, the Indictment alleges materiality. Count 1 charges the Defendant with a scheme to obtain money or property with fraudulent intent "by means of *materially* false and fraudulent pretenses, representations, and promises." ECF No. 1 at 11 (emphasis added). Counts 2 and 3 charge the Defendant with a wire fraud scheme to obtain money or property "by means of *materially* false and fraudulent pretenses, representations, and promises." *Id.* at 13 (emphasis added). Count 4 charges the Defendant with making "*materially* false, fictitious, and fraudulent statements and representations." *Id.* at 15 (emphasis added). In addition, the Indictment alleges materially false, fraudulent, and misleading statements in the purpose of the scheme and ten more times in the manner and means and description of the scheme's execution. *Id.* at 5-10. The Defendant's argument incorrectly states that the "Indictment Fails to Allege

Materiality," ignores all of the materiality allegations described above, and improperly contests the factual allegations of the Indictment. *See* ECF No. 48 at 10-13.

After stripping away the Defendant's problematic framing, what remains is his argument that the falsification of Figure 1 could not have materially impacted NIH's grant funding decisions because it is only one image, because NIH has not taken any actions to discontinue funding for Company 1 and Drug A and continues to support and fund Company 1, and because the Indictment does not allege enough details about NIH's decision-making process. *Id.* at 11-13. There are a number of fatal flaws with this argument, even setting aside the fact materiality was explicitly alleged.

First, this argument entirely fails to assume the allegations are true—the Indictment states that the alleged false statements were material and the Defendant improperly argues they were not. *See Brewbaker,* 87 F.4th at 579. Second, this argument assumes, contrary to the plain language of the Indictment, that Figure 1 was the only false figure, rather than an example figure. Not only does the Indictment clearly describe the material falsity of Figure 1 of Proposal 1[2] as being "among other things," it explicitly describes four types (among others) of "materially false" statements, of which Figure 1 is only one type, the mechanism of action.[3] ECF No. 1 at 5, 7. Third, the Defendant baldly discounts the importance of Figure 1 without any support, a figure which purportedly showed how Drug A was supposed to work, as compared to other Western Blot figures prepared by the Defendant, which showed purported positive effects of the drug. *See* ECF No. 48 at 11-12. In so doing, he improperly argues facts outside the scope of the Indictment, including about the

---

[2] Proposal and application are used interchangeably in this response.

[3] Based on materials provided in discovery and specifically identified to the Defendant's counsel upon request, the Defendant knows that there are more than ten different figures that the government has evidence were fabricated and fall into the four types of materially false statements identified in the Indictment, certain of which were published across multiple grant applications and journal articles.

actions of journals and the FDA. *See id.* at 12. Fourth, his argument about NIH's failure to take action and continuing support is also outside the scope of the Indictment, assumes (apparently) that NIH had full access to the materials obtained by the government in its investigation (it did not), and is not an accurate statement, as reflected NIH's publicly available online database, which shows that the Grant 4 was the last grant awarded to Company 1 in May 2021 and had an end date of April 2022.[4] *See* NIH RePORTER, *Food Effect study and drug supply scale-up for [Drug A]*, *available at* https://reporter.nih.gov/search/2eMBiU0DOUytnbqJNc88PA/project-details/10216906 (last visited Nov. 4, 2024). Fifth, the amount of detail of NIH's grant approval process in the Indictment is immaterial to the sufficiency of the materiality allegations in the Indictment. Finally, the Defendant's claim that his alleged misrepresentations were "inconsequential to NIH's decision-making" not only fails to accept the Indictment's allegations as true, but is inaccurate, as reflected in NIH employee statements made to the government during the investigation that have been produced in discovery.

## B. <u>The major fraud against the United States and false statements charges are not time-barred</u>

In arguing that the major fraud against the United States and the false statements counts are time-barred, the Defendant works hard to establish that both offenses are not continuing offenses. *See* ECF No. 48 at 13-15. The Court need not resolve or even address that question because while there may be cases with charges where that would matter with respect to the Defendant's statute of limitations argument, this is not one of them because the execution of each of these counts was charged within the allowable time under each statute.

---

[4] In addition, statements made by at least one NIH employee that were provided in discovery indicate that NIH had taken action with respect to Company 1's grants.

The Defendant correctly identifies that the major fraud against the United States count could be charged for conduct dating to February 2017 and the false statements count could be charged for conduct dating back to February 2019. The Defendant also correctly notes that the charged execution of the major fraud against the United States in the Indictment was January 12, 2018, which is within the time allowed to charge that conduct and that the execution of the false statements count in the Indictment was November 18, 2019, which was also with in the time allowed to charge that conduct. ECF No. 28 at 15-16. In other words, the alleged executions of each of those counts were properly alleged within the appropriate time periods for each of the applicable statutes.

In order to make his argument, the Defendant again ignores the stated allegations in the Indictment. He claims that because Figure 1 was first included in the August 2016 application for Grant 1, that it could not form the basis of a separate later grant application on January 12, 2018. *Id.* The Defendant offers no authority or explanation for this argument. *See id.* The fact that Figure 1 also could have formed the basis of a different, prior NIH fraud that is time-barred (and was also published in a prior journal article) does not mean that its submission as part of a new, different grant application that is not time-barred is not appropriately chargeable conduct. The Defendant makes a similar even weaker argument with respect to the false statements charge, arguing that because certain of the alleged falsified figures were also published in prior journal articles, that they could not form the basis of a charge when they were submitted to NIH as part of Proposal 2. *See id.* at 16. This argument is deficient for the same reason—just because certain allegedly false images were published in an article, that publication is no bar to a false statements charge when those figures are later submitted to NIH in connection with an application for grant funding. And

again, both of these arguments also fail to accept the Indictment's allegations as true. *See Brewbaker,* 87 F.4th at 579.

The Defendant further claims that the charging allegations in the false statements count are so vague as to fail to put him on notice as to his alleged conduct. ECF No. 48 at 16. This claim is not a basis for dismissal, particularly where, as here, the Indictment includes the elements of the offense, specifically identifies fabricated Western blots as forming a basis for the charge, and the NIH submission at issue only contains five figures with Western blots. *See Am. Waste Fibers Co.*, 809 F.2d at 1047.

## C. The Indictment properly alleges major fraud against the United States

The Defendant claims that the major fraud against the United States charge is deficient because "it does not reach the required statutory threshold for major fraud of $1 million." ECF No. 48 at 16. As a threshold matter, the Indictment alleges in the charging language that "the value of such grant, contract, subcontract, subsidy, guarantee, insurance, and form of Federal assistance, and any constituent part thereof, being $1,000,000 or more." It further alleges that for Grant 2 for which Proposal 1 was submitted, NIH awarded "approximately $3,906,146."

To make his argument, the Defendant again does not properly accept the alleged facts as true and claims that only $118,975 is countable toward the $1,000,000. *See* ECF No. 48 at 18; *see also Brewbaker,* 87 F.4th at 579. This argument also mischaracterizes the stated allegations—the Indictment clearly indicates that the $118,975 was the amount of the Defendant's budget request for his portion of the work at University 1, which is not even a disbursement amount, much less the amount of money ultimately awarded pursuant to Proposal 1's submission to NIH. *See* ECF No. 1 at 7.

The Defendant suggests that each grant disbursement must be treated as a separate "minor fraud" but does so without authority and without addressing the statute's language exercising jurisdiction over any grant where "any constituent part thereof" is $1,000,000 or more. *See* ECF No. 48 at 18; *see also* 18 U.S.C. § 1031. To the contrary, as the Fourth Circuit has concluded in the context of a case against a government subcontractor, a "straightforward reading" of the statute finds jurisdiction "so long as the prime contract, a subcontract, a supply agreement, or any constituent part of such a contract is valued at $1 million or more" even if the charged subcontracts were valued at less than $1 million. *United States v. Brooks*, 111 F.3d 365, 368–69 (4th Cir. 1997). Put differently, even if some component of the grant awarded was valued at less than $1 million, as long as the full grant was valued at over $1 million, jurisdiction under the major fraud against the United States statute is proper. *See id.* Accordingly, even if the Defendant's argument here was factually (and accurately) well grounded in the Indictment's allegations—which it is not—it still would not form a basis for dismissal under the statute's plain language as interpreted by the Fourth Circuit.

D. **Venue for the major fraud against the United States charge is proper in this district**

The Defendant claims that the major fraud against the United States charge is not appropriately venued in the District of Maryland, but the only authority he cites to supports a finding that venue for this charge is proper. *See* ECF No. 48 at 19-21. More specifically, he argues that this count should have been charged in the Southern District of New York, where the Defendant's office was located, or the Western District of Texas, where Company 1 submitted Proposal 1 (to NIH in the District of Maryland).

Where Congress has not prescribed specific venue requirements for the offense charged, venue is "determined from the nature of the crime alleged and the location of the act or acts

constituting it." *United States v. Ebersole*, 411 F.3d 517, 524 (4th Cir. 2005) (citation omitted). The determination of the place of the crime may result in more than one appropriate venue, including one in which the defendant has never set foot. *United States v. Bowens*, 224 F.3d 302, 309 (4th Cir. 2000). "[A]ny offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a).

The Defendant appears to argue and the government agrees that one potential ground for venue is the submission of the fraudulent grant application. *See* ECF No. 48 at 20-21 (citing *United States v. Verclas*, No. GJH-18-160, 2019 WL 95148, at *1-3, 8-9 (D. Md. Jan. 3, 2019)). That is exactly what the Indictment alleges—that on or about January 12, 2018, a "fraudulent application" was submitted to NIH in the District of Maryland. *See* ECF No. 1 at 11-12. However, the Defendant appears to claim that it is only where the fraudulent application was submitted, not where it was received that matters, even though it is the receipt of the application that completes the offense. *See id.*; *see also* 18 U.S.C. § 3237(a).

The Defendant makes his argument using *United States v. Verclas*, a case in which charges were brought based on grant fund withdrawals processed through a payment system in Maryland, rather than the submission of a fraudulent grant application (which fell outside the statute of limitations). 2019 WL 95148, at *1-2. The court in that case found that venue was not proper because once the "Defendant submitted the application, the scheme had been executed" and since obtaining the grant money through later withdrawal payments was not an element of the crime and occurred after the crime had been executed and completed, those actions did not form the basis of the venue conduct. *Id.* at *3. In reaching this conclusion, that court explicitly stated that there "is no allegation that this [fraudulent grant application submission] involved the District of

Maryland." *Id.* As described above, the Indictment in this case does exactly that—it alleges that the execution of the charged crime occurred through the submission of a fraudulent application to NIH in Maryland, thereby completing the offense in the district of Maryland. *See* ECF No. 1 at 11-12; *see also* 18 U.S.C. § 3237(a). At bottom, contrary to the Defendant's selective reading, the *Verclas* case supports a straightforward and reasoned finding that when a fraud is executed through the submission of a fraudulent application and that application is submitted to NIH in Maryland, venue is proper in Maryland for that charge. WL 95148, at *1-3, 8-9.

The Defendant concludes his venue argument with a complaint that he is charged in a district in which he is not alleged to have sent a single email or wire transfer, let alone set foot in prior to his initial appearance in this matter. ECF No. 48 at 21. Although these complaints do not form the basis of any legal venue deficiency, the Defendant also discounts his relationship to Maryland-based NIH. *See Bowens*, 224 F.3d at 309. As alleged in the Indictment, the Defendant was an Investigator on two of the five NIH grants identified in the Indictment, submitted budget requests for three of the NIH five grants, and provided figures for submission in applications for each of the five NIH grants identified.[5] ECF No. 1 at 6-10. The Defendant's implication that his connection to Maryland-based NIH was not substantial and therefore charges venued in this District are in some way unfair, does not comport with the facts alleged in the Indictment. *See Id.*

**E.** **The facts alleged in the Indictment are more than sufficient to fairly inform the Defendant of the charges against him**

The Defendant's claim that he lacks sufficient notice of the charges against him based on the 15 pages of allegations in the Indictment in this case would be a bold claim for purposes of his alternative request for a bill of particulars and is an even bolder one for his request to dismiss the

---

[5] NIH grant Investigator responsibilities to lead and direct the grant project, as required by NIH, are substantial. *See* NIH Grants and Funding, *Multiple Principal Investigators, available at* https://grants.nih.gov/grants-process/plan-to-apply/consider-your-idea-resources-and-collaborators/multiple-principal-investigators (last visited Nov. 4, 2024).

Indictment. The Indictment fairly informs the Defendant of the charges against him. *See Kingrea*, 573 F.3d at 191.

The Indictment alleges a fraud scheme from 2015 to 2023 involving the use of a number of materially false statements submitted in NIH grant applications used to obtain funding for Company 1 and himself, the submission of a fraudulent grant application, and materially false statements in a submission to NIH. ECF No. 1. It also specifically identifies four different categories of false statements made by the Defendant in his NIH grant submissions, including Drug A's mechanism of action, the improvement of certain indicators associated with Alzheimer's disease, the mechanism by which diagnostic Test A was designed to work, and the nature and scope of the Defendant's experiments. *Id.* at 5. The Indictment alleges that the Defendant fabricated Western blots by adding, subtracting, and modifying bands submitted to NIH and drawing conclusions based on his fabricated research record. *Id.* at 5-6. It alleges that the Defendant published false statements and images in scientific journal articles that he cited in NIH grant applications. *Id.* at 6. The Indictment further describes and alleges five different awarded grants that included false and fraudulent statements about the Defendant's research, depicts an example of one of the fabricated figures, and specifically identifies the grant submissions that form the basis of the charges. *Id.* at 6-10. It also identifies acts of concealment taken by the Defendant to hide the alleged scheme. *Id.* at 6, 10.

Based on these specific allegations, the Defendant is on notice of both sufficient facts to fairly inform him of the charges against him and, in the larger context of the Indictment, how those alleged facts fit into the charged scheme. *See Kingrea*, 573 F.3d at 191. This is particularly true where, as here, the Defendant has the benefit of being able to review the substantial discovery in the case, including the interview reports, emails, and, in particular, expert analyses specifically

identified to the Defendant at his request that collectively show (1) specifically identified fabricated Western blots in the five grants and journal articles listed in the Indictment, (2) the source evidentiary material for the analyses, and (3) the means by which the analyses were conducted and the bases for the conclusions reached.

To advance his improper argument for dismissal based on factual attacks on the Indictment, the Defendant cherry picks items from the Indictment and disputes the allegations to be proven at trial. First, the Defendant claims that because there are no allegations that he authored or submitted proposals, that he could not have caused the submission of the false statements. ECF No. 48 at 22. Setting aside the continued refusal to accept the alleged facts as true, it is certainly not an element of any charged crime that the Defendant be the author or submitter of a proposal. *See Brewbaker,* 87 F.4th at 579; *see also* 18 U.S.C. §§ 2, 1001, 1031, and 1343. The allegations that for specific grants applied for and awarded on specific dates for which the Defendant contributed fabricated results of his research, submitted budget proposals, and/or was a sponsoring Investigator provide more than sufficient notice for purposes of the Indictment. *See Am. Waste Fibers Co.*, 809 F.2d at 1047. The Defendant also complains that he does not have sufficient facts to ascertain the how, when, or why he caused the submission of the proposals. ECF No. 48 at 22. That is a level of detail not required for fair notice of the charges. *See Brandon*, 298 F.3d at 310. Nevertheless, the Indictment alleges *how* it was the results of the Defendant's research that were falsified in grant applications he contributed to, submitted budgets for, and/or was listed as a sponsor investigator for; it alleges *when* the fraudulent proposals were submitted; and it alleges *why* the proposals were submitted (to obtain grant funding from NIH). ECF No. at 4-10. All of these arguments are made without citation to any applicable authority where a court even considered dismissing a charge on analogous factual grounds.

Second, the Defendant speculates about non-criminal "reasonable alternate readings" of the allegations where perhaps the Defendant somehow "misunderstood the standards for submission" or "made a mistake in his preparation of [Figure 1]" when submitting that figure for a journal article prior to its submission in an NIH grant application.[6] *See* ECF No. 48 at 23. The false submissions to the journals are not themselves the crimes alleged; the crimes alleged are that the Defendant caused false statements, including Figure 1, to be submitted to NIH in connection with federal grant awards. ECF No. 1. To make this argument, he also ignores the Indictment's plain language alleging that he "fabricated the Western blot on the left side of Figure 1 and the corresponding densitometry data related to it in the bar charts on the right side of Figure 1" in an NIH funding proposal. *Id.* at 7-8. Either he is arguing, contrary to common sense, that he misunderstood that submitting fabricated scientific data is not acceptable or that he mistakenly falsified the figure. Setting aside the weakness of these arguments, neither argument is proper for purposes of a motion to dismiss because neither argument accepts the allegations as true, which state he acted knowingly and with the intent to defraud. *See* ECF No. 1 at 11-14; *see Brewbaker,* 87 F.4th at 579.

Finally, the Defendant argues that the four specific categories of falsifications laid out as part of the manner and means in the Indictment and described above are too vague when viewed in light of the Defendant's decades of research and the hundreds of pages of NIH submissions. ECF No. 48 at 23. Although the government maintains that the Indictment's identification of five specific grants and specific proposals associated with certain grants are more than sufficient to put

---

[6] The Defendant's claim that Figure 1 was fabricated at some time before its submission in an NIH grant application for some other purpose has no legal significance—whether false and fabricated statements were created ten years before or the day before their submission does not matter as long as the elements of the crime are met, namely, that the Defendant executed or attempted to execute a scheme with the intent to defraud to obtain money or property by means of false or fraudulent pretenses. *See generally* 18 U.S.C. §§ 1031 and 1343.

him on fair notice of the charges against him, the Defendant also neglects to identify or acknowledge additional facts that make the allegations even more specific. Even though each grant application identified can be long (as much as approximately 165 pages for those related to the grants identified in the Indictment), the content with the scientific information that the Defendant contributed to was typically only ten to twenty pages long and within those ten to twenty pages, the Defendant only contributed to certain parts of the submission. That limited set of specific information can be further cross-referenced against the four categories of false statements identified in the Indictment, leaving a set of identified figures and statements that form the core basis of the charges and is quite limited and specific. *See* ECF 1 at 5.

Even if there was some unexplainable confusion as to the nature of the allegations on this point, a review of the expert analyses described above and found in the discovery that the government has identified to the defense specifically identify the figures and statements at issue. Many of these figures and statements are also specifically identified in the interview reports provided to the Defendant in discovery. These materials clearly demonstrate (1) that the government has marshalled evidence that a number of figures were fabricated by the Defendant; (2) which figures in the materials submitted to NIH are at issue; and (3) the materiality of the figures and statements to NIH.[7]

For these same reasons and others stated herein, the Defendant is on fair notice of the charges against him to prepare for trial and is not entitled to a bill of particulars. *See Schembari*, 484 F.2d at 934-35 (The purpose of a bill of particulars is "to enable a defendant to obtain sufficient

---

[7] And for purposes of the Defendant's alternative request for a bill of particulars, "[a] defendant is not entitled to an unnecessary bill of particulars, where the underlying objectives of a Rule 7 motion are fully satisfied by informal and formal discovery." *United States v. Ahmad*, No. 14-164, 2014 WL 2766121, at *8 (E.D. Va. June 18, 2014) (internal quotation marks and alterations omitted).

information on the nature of the charge against him" so that he may prepare for trial or decide to plead guilty.).[8] Where, as here, the indictment returned "is far from bare bones or generalized" and "contains a pages-long description, buttressed by numerous specific factual allegations, of the alleged unlawful conduct," the purpose of a bill of particulars "to obtain sufficient information on the nature of the charge[s] against" the defendants has been largely satisfied. *See United States v. Livingston*, No. 15-CR-201, 2016 WL 743399, at *1 (E.D. Va. Feb. 23, 2016) (citation omitted).

At a maximum the Defendant's arguments here present issues of fact to be contested at trial. They do not form a basis to attack the Indictment.

## IV. CONCLUSION

For the foregoing reasons, the Defendant's motion to dismiss the Indictment lacks any cognizable legal basis for dismissal and should be denied.

Respectfully submitted,

Glenn S. Leon
Chief
Fraud Section, Criminal Division
United States Department of Justice


By: /s/ Andrew Tyler
Andrew Tyler
Vasanth Sridharan
Fraud Section, Criminal Division
United States Department of Justice
*Attorneys for the Government*

---

[8] Furthermore, a defendant may not compel the government, through a bill of particulars, to specify the details of overt acts already set forth in the indictment. *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *United States v. Armocida*, 515 F.2d 49, 54 (3d Cir. 1975); *United States v. Carroll*, 510 F.2d 507, 509 (2d Cir. 1975).

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was filed with the Clerk of the Court

using the CM/ECF system, which will send notice to all counsel of record.

/s/ Andrew Tyler
Andrew Tyler, Trial Attorney
Fraud Section, Criminal Division
United States Department of Justice