# EXHIBIT 5

**Villajuan, Emily**

---

| | |
|---|---|
| **From:** | Tyler, Andrew (CRM) <Andrew.Tyler@usdoj.gov> |
| **Sent:** | Friday, October 10, 2025 10:55 AM |
| **To:** | Beidel, Jennifer; Sridharan, Vasanth (CRM); Pathan, Kashan (CRM) |
| **Cc:** | Chutkow, Mark; Caprez, Timothy; Blackwood, Emma K.F.; Douglas, Sarah |
| **Subject:** | RE: Wang - Brady Issue |
| **Attachments:** | 2025.10.10 Wang Discovery Response Letter.pdf; [EXTERNAL] Re_ Dr. Wang Matter .pdf; CUNY Subpoenas.pdf; Research Foundation of CUNY Subpoena.pdf; Cassava Sciences Subpoenas.pdf |

---

**CAUTION: External Sender**
Verify sender before opening links or files

Report Suspicious

Jennifer,

Please see attached.

Thanks,

Andrew

Andrew R. Tyler
United States Department of Justice
Criminal Division, Fraud Section
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 616-2634

---

**From:** Beidel, Jennifer <JBeidel@dykema.com>
**Sent:** Thursday, October 9, 2025 3:27 PM
**To:** Tyler, Andrew (CRM) <Andrew.Tyler@usdoj.gov>; Sridharan, Vasanth (CRM) <Vasanth.Sridharan@usdoj.gov>; Pathan, Kashan (CRM) <Kashan.Pathan2@usdoj.gov>
**Cc:** Chutkow, Mark <MChutkow@dykema.com>; Caprez, Timothy <TCaprez@dykema.com>; Blackwood, Emma K.F. <EBlackwood@dykema.com>; Douglas, Sarah <SDouglas@dykema.com>
**Subject:** [EXTERNAL] Wang - Brady Issue
**Importance:** High

Andrew, Vas, and Kashan:

We are in receipt of your Production 9B, dated October 7, 2025. Among the 161 documents contained in that production is the attached exculpatory May 30, 2025 letter from CUNY to NIH's ORI (the "*Brady* Letter") that says, among other things, that CUNY "did not find that Dr. Wang's actions constituted acts of intentional, knowing, or reckless falsification and/or fabrication" and "the [CUNY Research Misconduct Investigation] Committee concluded that Dr. Wang had not engaged in research misconduct as defined by CUNY policy." USDOJ9B-0000000025, at 2. What's more, the CUNY Committee "made this determination based on its understanding of the preponderance of evidence standard[,]" *Id.* at 2, which, of course, is a much lower evidentiary standard than the government must meet in its criminal prosecution of Dr. Wang. The University "accepted the Committee's findings and determined that research misconduct did not occur" and took no action against Dr. Wang. *Id.* at 17. This letter is not flagged as *Brady* within your

1

Production 9B or otherwise called out to us as *Brady*, let alone potentially case-altering *Brady,* but was instead produced just like the other approximately 450,000 records you have provided to us in this case.

Fortunately, our defense team located and identified this document for what it is—an extraordinary piece of exculpatory evidence and likely the most important revelation in the government's terabytes of discovery in this case. The defense is astonished that we have never been previously informed – by your office, the FBI, ORI, CUNY, or otherwise – that CUNY had issued a final investigative report, let alone that such report's conclusions were favorable to Dr. Wang. We write to inquire as to why such critical exculpatory evidence was withheld from the defense team until after the Daubert hearing and less than two weeks before trial when (1) such evidence was in ORI's possession since May 30, 2025, and (2) metadata and the CUNY Bates stamp on the *Brady* letter suggest CUNY produced it to your office on or about August 5, 2025.

The *Brady* letter also falls squarely within several discovery requests we made over a year ago on August 27, 2024, specifically, those for (1) NIH files; (2) *Brady* materials and (3) the results of any scientific tests or experiments. On September 23, 2024, you acknowledged your obligation to produce *Brady* materials and represented that all scientific analyses of evidence in the case "have already been produced." Moreover, discovery in this matter shows that the issue of ORI's role in this case has been on your radar for years. For example, Mr. Tyler contacted ORI at least as far back as April 2023, to inquire about Dr. Brookes' analyses of Dr. Wang's work, and documents you produced in discovery show you were aware that CUNY and ORI were working collaboratively on a scientific investigation of Dr. Wang as far back as 2021. The issue of ORI's importance was again brought squarely to your attention at the September 30, 2025 Daubert hearing, when the Judge inquired as to ORI's position on the matter and we requested all relevant ORI materials.  And yet, you still withheld the *Brady* letter for an additional week.

In response to this egregious discovery lapse, we request:

(1)  Immediate production of:
    a.  all correspondence between (i) ORI, the FBI, your office, and/or any other member of the prosecution team and (ii) CUNY, members of its Research Misconduct Committee, or any other person or entity discussing CUNY's investigation or reports;
    b.  all communications and correspondence between (i) ORI and (ii) the FBI, your office, and/or any other member of the prosecution team, regarding this matter;
    c.  all communications and correspondence between (i) the FBI, your office, and/or any other member of the prosecution team and (ii) any other person or entity that discusses CUNY's investigative report;
    d.  all reports referenced in the *Brady* letter, including but not limited to the March 25, 2025 Foley Hoag report and the May 26, 2023 CUNY Research Misconduct Committee Final Investigation Report and Final Report Addendum;
    e.  ORI's complete file regarding this matter, including but limited to discussions of Dr. Wang, Dr. Brookes, Cassava Sciences, and CUNY; and
    f.  any records regarding your decision to withhold this critical piece of evidence until the eve of trial.
(2)  Immediate responses to:
    a.  when your office first learned of and received the Brady letter and the May 2023 CUNY Committee Report; and
    b.  whether your office has requested a complete file from ORI regarding the Dr. Wang matter and, if so, when it received it.
(3)  Your position as to whether you intend to proceed forward with a prosecution based nearly entirely on Dr. Brookes' opinion of Dr. Wang's images taken during a search warrant when CUNY and its specially empaneled Research Misconduct Committee of experts (who had access to far more information about Dr. Wang's research than the government has ever attempted to obtain), cleared Dr. Wang of all misconduct and Dr. Brookes admitted at the Daubert hearing that he had not spoken with anyone at CUNY about the matter.

Given the limited time before trial, please respond with your position on this request by **tomorrow, October 10, 2025**. If we do not receive a satisfactory response, we intend to elevate this matter up your supervisory chain, to file a motion

raising this issue of prosecutorial misconduct with the Judge, and to file a motion for leave to supplement the Daubert record and/or to reopen our examination of Dr. Brookes with the exculpatory material that was withheld from the defense.

Best,
Jennifer

**Jennifer L. Beidel**
Member

D 248-203-0506 ▪ M 215-470-0667
JBeidel@dykema.com ▪ dykema.com

**BIO  VCARD  LINKEDIN**

39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304



*** Notice from Dykema Gossett PLLC: This Internet message may contain information that is privileged, confidential, and exempt from disclosure. It is intended for use only by the person to whom it is addressed. If you have received this in error, please (1) do not forward or use this information in any way; and (2) contact me immediately.

Neither this information block, the typed name of the sender, nor anything else in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.