# EXHIBIT 8



**Dykema Gossett PLLC**
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304

WWW.DYKEMA.COM

Tel: (248) 203-0700
Fax: (248) 203-0763

**Jennifer L. Beidel**
Direct Dial: (248) 203-0506
Direct Fax: (866) 219-1641
Email: JBeidel@dykema.com

August 27, 2024

<u>**Via Email**</u>
AUSA Andrew Tyler
Trial Attorney, Fraud Section
U.S. Department of Justice, Criminal Division
1400 New York Avenue, NW
Washington, DC 20530
Andrew.Tyler@usdoj.gov

    **RE:**    <u>**USA v. Wang, No. 8:24-cr-00211-TDC**</u>

Dear Mr. Tyler:

    As you know, my office represents Dr. Hoau-Yan Wang ("Dr. Wang") in the above-referenced matter. To date, we have received two post-Indictment document productions in this matter, which are exceptionally voluminous. The first production consists of over 2 million Bates-labeled pages, a 1TB hard drive containing the images of two laptops, a 2TB hard drive containing the images of 13 thumb drives, an iPad, an iCloud account, a hard drive, 4 computer discs, and various other materials. The second production consists of approximately 20,000 Bates-labeled pages and "scoped copies" of 8 thumb drives. In total, both productions are accompanied by an 8-page index ("Index"). As we commence initial review of the Index and productions, we are writing to bring the following issues to your attention and request that you address them accordingly without delay:

1. In a discussion post-Indictment via phone, we specifically asked the United States to identify certain documentation central to its case against Dr. Wang, and the United States agreed to do so. To date, the United States has not done so. We respectfully request that the United States immediately review its production and specifically identify those materials as requested. Alternatively, we ask that the United States produce information to Dr. Wang reflecting "negative-identification" of the document production, whereby the United States identifies for Dr. Wang any materials the United States does not plan to use at trial. *See. e,g., United States v. McDade*, CRIMINAL ACTION NO. 92-249, 1992 U.S. Dist. LEXIS 19254 (E.D. Pa. Dec. 11, 1992).

2. Standing Order 2020-01 (the "Standing Order"), Rule 3, governing Defendant's Disclosures, requires that "the Government . . . serve a written request for discovery on the defendant . . . setting forth the information made subject to disclosure by the defendant under Rule 16(b)(1)." The rule further mandates that the request be organized in accordance with the subsections identified in Rule 16(b)(1)(A)-(C) to enable the Defendant to readily identify the information

Page 2

      requested by discrete category. The United States' discovery letter, dated July 29, 2024, broadly "requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure" but does not specifically identify the information requested. If the United States continues to seek discovery from the defense, we respectfully request that the United States provide a revised reciprocal discovery request that clearly identifies the specific information sought, organized in accordance with Rule 16(b)(1)(A)-(C), to facilitate proper compliance with Standing Order 2020-01.

3. The United States' productions, as described above, were accompanied by only a skeletal eight-page index. Due to the vast volume of discovery, Dr. Wang is unable to meaningfully review the discovery, and pertinent information, including potentially exculpatory material, which is effectively lost within the overwhelming amount of data. As a result, we request that you immediately produce additional details of your categorization of the production to cure the vagueness and descriptive deficiencies of the indexing you have produced to date. For example, in *United States v. Payne*, the United States produced 18 boxes containing approximately 24,000 documents and four compact discs containing over 20,000 documents. *United States v. Payne*, No. 1:05-CR-045-ODE-ECS, 2006 U.S. Dist. LEXIS 113881, at *7 (N.D. Ga. Dec. 5, 2006). The court found that the one-page index provided by the United States, which identified the contents of each box only generally, was inadequate and directed the United States to provide a more detailed index. *Id*. at 8. In Dr. Wang's case, the United States has produced 100 times more documents, and orders of magnitude more electronic material. Accordingly, we ask that you prepare a more detailed index for Dr. Wang's case, enabling Dr. Wang to navigate the production more reasonably and effectively.

4. As best we can tell from the Index and the voluminous discovery production, the United States' discovery production does not include, and we therefore request that you immediately produce or make available for reproduction, copies of all documents in your possession related to the statements you made during our July 10, 2024 hearing before the Magistrate Judge in this matter regarding potential conflict-of-interest issues related to the representation of Dr. Wang by undersigned counsel and Dykema Gossett PLLC, which we had previously addressed and resolved over the course of our June 24, 2024 telephone call and exchange of correspondence the following day. Such documents include but are not limited to any and all internal notes and memoranda in possession of the U.S. Department of Justice related to those purported concerns and your prior efforts to address them with the United States District Court for the Eastern District of Pennsylvania and our office through the subpoena you sent us on June 21, 2024, which your correspondence of that day describes as a "grand jury subpoena for records that seeks certain information regarding your representation of Dr. Hoau-Yan Wang and the potential conflict-of-interest issues that may arise due to the Fraud Section's ongoing criminal investigation of Dr. Wang." Your insistence to make this issue known on the record to the District of Maryland in this matter, despite its prior resolution via your withdrawal of the subpoena, as acknowledged in your June 25, 2024 correspondence, demonstrates the United States' view that this issue has continuing relevance to this case and supports a reasonable inference that the requested information may be exculpatory and/or may corroborate Dr. Wang's representations and defenses in this matter.

Page 3

5. To the extent it is not already included in the documentation the United States has produced to Dr. Wang, we request that you immediately produce any and all favorable evidence within the meaning of the Standing Order, *Brady v Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972), including but not limited to:

    a. Any and all exculpatory information or evidence known to United States;

    b. All consideration or promises of consideration given to or on behalf of a witness or expected or hoped for by a witness;

    c. All direct or implied threats by the United States or those acting on behalf of the United States made to or directed against a witness or persons of concern to a witness; this includes but is not limited to threats of criminal prosecution or investigation, threats of civil or tax litigation or investigation, and loss of parental rights;

    d. All information and records revealing prior felony or misdemeanor convictions, including juvenile adjudications, of the defendant and any witness whom the United States intends to call to testify at any hearing or trial;

    e. The existence and identification of each occasion known to the United States where an intended witness may have testified falsely under oath, submitted false statements in connection with any proceeding or made inconsistent statements in connection with this case;

    f. All prior false statements of a government witness known to the United States, including but not limited to: false statements in loan applications, bankruptcy submissions, divorce proceedings, law enforcement reports, social media profiles, job applications and resumes; and

    g. Specific instances of untruthfulness of any government witness known to the United States, which may be inquired into on cross examination by defendant pursuant to Fed. R. Evid. 608(b).

6. To the extent it is not already included in the documentation the United States has produced to Dr. Wang, we request that you immediately produce any document which will be used to refresh the memory of a witness within the meaning of the Standing Order, and Fed. R. Crim. P. 612.

7. To the extent it is not already included in the documentation the United States has produced to Dr. Wang, we request that you immediately produce any statement of witnesses within the meaning of 18 U.S.C. § 3500(e).

8. To the extent it is not already included in the documentation the United States has produced to Dr. Wang, we request that you immediately provide Dr. Wang with notice of any "other acts" evidence that the United States intends to introduce at trial, pursuant to Fed. R. Evid. 404(b), if any.

Page 4

9. To the extent it is not already included in the documentation the United States has produced to Dr. Wang, we request that you immediately provide Dr. Wang with all prior written or recorded statements by him, as well as any relevant oral statement made by Dr. Wang in response to interrogation by FBI Special Agent Jeffrey Weeks or in response to interrogation by a person Dr. Wang knew was a government agent if the United States intends to use any such statement at trial, pursuant to Fed. R. Crim. P. 16(a)(1)(A), if any. Given the voluminous nature of your production, we also request that you specifically identify where in the discovery such statements are located.

10. To the extent such documentation is not already included in what the United States has produced to Dr. Wang, pursuant to Fed. R. Crim. P. 16(a)(1)(D), Dr. Wang requests your immediate production of a copy of any documents the United States intends to represent as being Dr. Wang's prior criminal record within the United States' possession, custody or control, if any.

11. To the extent such documentation is not already included in what the United States has produced to Dr. Wang, pursuant Fed. R. Crim. P. 16(a)(1)(E), Dr. Wang requests permission to inspect and/or copy photographs, books, papers, documents, data, and other tangible objects that are within the United States' possession, custody or control and material to preparing the defense, obtained from or belonging to Dr. Wang, or intended by the United States for use in its case-in-chief, if any.

12. To the extent such documentation is not already included in what the United States has produced to Dr. Wang, pursuant to Fed. R. Crim. P. 16(a)(1)(F), Dr. Wang requests production of the results and reports of any physical or mental examination and scientific test or experiment in the United States' possession, custody or control and material to preparing the defense or intended by the United States for use in its case-in-chief, if any.

13. To the extent such documentation is not already included in what the United States has produced to Dr. Wang, we request that you immediately provide Dr. Wang with your expert witness disclosures in accordance with Fed. R. Crim. P. 16(a)(1)(G) and the Standing Order, including all information specified by that Rule.

14. Given the fact that this investigation involved many agencies of the United States, including but perhaps not limited to the Department of Justice; various United States Attorneys Offices, including the Southern District of New York, Eastern District of Pennsylvania, and Western District of Texas; the Food and Drug Administration; the National Institutes of Health; the Securities and Exchange Commission; the Financial Industry Regulatory Authority; and the Federal Bureau of Investigation, our requests for documents ask that you deem the files of each and every one of these agencies to be within your possession, custody, and control. If you object to the inclusion of any of these agencies within your discovery responsibilities, we request that you identify the agency and why its documents relating to this case are not part of your discovery responsibilities.

Page 5

To the extent documentation referenced in the above paragraphs is already included in what the United States has produced to Dr. Wang, we request that your expressly identify that as part of the supplemental index you have been asked to provide. Regardless, please note that all requests for information, materials, evidence and appropriately detailed indexing contained herein are continuing requests, and the United States is requested to immediately provide any additional information, materials and evidence prior to and during trial as required by the Standing Order and Fed. R. Crim. P. 16(c).

This correspondence is also intended to provide notice to you that: (1) the foundation for any and all prosecution exhibits will be contested, as will the chain of custody; and (2) any scientific analysis or summary testimony by experts will be contested, unless there has been a proper foundation for the witness's testimony established by the United States.

Should you object to producing any of the aforementioned documentation, information, materials and evidence, in whole or in part, we are willing to participate in a teleconference with you to attempt to resolve any dispute or difference in this regard. Given the timing of relevant deadlines set by the Court, any such teleconference would have to take place on or before August 28, 2024, and we will make every reasonable effort to accommodate your availability for such a meeting upon request prior to that day.

Very truly yours,

**DYKEMA GOSSETT PLLC**

*/s/ Jennifer L. Beidel*

Jennifer L. Beidel


cc:   Anna Kaminska (Anna.Kaminska@usdoj.gov)
      Leslie Garthwaite (Leslie.Garthwaite@usdoj.gov)