# EXHIBIT 5



**U.S. Department of Justice**

Criminal Division

*1400 New York Ave., N.W.*
*Washington, D.C. 20005*

October 10, 2025

*__Via Email__*
Jennifer Beidel
Dykema Gossett PLLC
39577 Woodward Avenue, Suite 300
Bloomfield Hills, Michigan 48304

      Re:    *United States v. Hoau-Yan Wang*, 8:24-CR-00211-TDC (DMD)
               **CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER**

Dear Counsel:

      We write this letter in response to your October 9, 2025 email and your October 9, 2025 letter. With respect to your email, we have a different view of CUNY's May 30, 2025 letter to ORI that was produced to you on October 7, 2025. As an initial matter, the May 30, 2025 letter states that CUNY "does not believe it should disturb or reevaluate [the previous May 2023] findings now", findings that were already produced by the government.[1] We do not view this letter as *Brady* material—any conclusions CUNY reached in its letter are not relevant to the government's case because CUNY has never had the materials recovered from the government's search warrant of the Defendant's residence that form the basis of the government's case. Furthermore and contrary to the suggestion in your email, we only received this letter on October 3, 2025, which was also the first day we learned of it (see attached email from the CUNY paralegal from whom it was produced), and produced it promptly thereafter. With respect to ORI, we have already produced the substantive materials in our possession and, consistent with our September 23, 2024 letter, ORI is not part of the government's prosecution team, including for purposes of discovery. The government does not possess the March 25, 2025 Foley Hoag report and our understanding of what constitutes the May 2023 CUNY Final Research Misconduct Report (along with a number of drafts) and Addendum have already been produced (USDOJ4-0000739733 and USDOJ4-0000729258). We do not have and have not requested ORI's file related to the Defendant.[2] In addition, we have not identified any other discoverable correspondence or communications to

---

[1] The May 30, 2025 CUNY letter to ORI does not disturb the findings that were previously disclosed by the government in the May 2023 CUNY Final Research Misconduct Report but it does take issue with the use of an unnecessarily "heightened" evidentiary standard applied by the Research Misconduct Investigation Committee; i.e., the standard applied was too lenient as applied to the misconduct findings. In either case, the standard used by CUNY has no bearing on the government's case.

[2] We also note that ORI generally does not conduct its own investigations but instead relies on the institutions to conduct their own investigations before reporting their findings back to ORI and we are not aware whether ORI conducted its own investigation of the Defendant's conduct related to the allegations CUNY investigated.

provide related to ORI or CUNY and do not anticipate any further productions of ORI or CUNY correspondence or communications. Accordingly, we intend to proceed with the prosecution.

With respect to your October 9, 2025 letter, we address each issue raised following the same numbering system as in your letter, first as it relates to your September 24, 2025 letter:

1. <u>Subpoenas</u> – Consistent with your request (but without conceding discoverability or admissibility) we are attaching the CUNY and Cassava subpoenas and will also produce them with Bates numbers in a future production.

3. <u>Brookes Expert Reports</u> – Consistent with your note, there is a discrepancy between the filename and the report name which creates the issue but we have provided the document as we received it.

We further address each issue as it relates to your October 3, 2025 letter:

1. <u>Draft Work Papers and Research</u> – As we previously stated, the large number of JPEG and PowerPoint files provided to Dr. Brookes and referenced in his September 30, 2025 testimony were all from the Defendant's Acer and Dell laptops produced in Government Production 3 on July 29, 2024. However, those materials did not include PDF files and there may have been files provided that do not relate to his testimony and that Dr. Brookes did not closely review.

3. <u>ORI Materials</u> – As discussed in part above, the government has not requested and does not possess any such materials related to the Defendant or Dr. Brookes and consistent with our September 23, 2024 letter, neither HHS nor, more specifically, ORI are part of the government's prosecution team for purposes of discovery.

The government is aware of the ongoing nature of its discovery obligations and will continue to produce any discoverable materials it discovers or obtains consistent with its obligations.

If you have any questions or would like to discuss any of these issues further, please contact me at (202) 616-2634 or andrew.tyler@usdoj.gov.

Sincerely,

*/s/ Andrew Tyler*
Andrew Tyler
Vasanth Sridharan
Kashan Pathan
Fraud Section, Criminal Division
U.S. Department of Justice
*Attorneys for the Government*

2