# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 8:24-CR-211-TDC |
| | ) | |
| HOAU-YAN WANG, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT HOAU-YAN WANG'S REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE DIGITAL IMAGES OF WESTERN BLOTS

The Government's attempt to label Western blot images found on Dr. Wang's devices as "source images" or "white box images" correlating to other images found in NIH applications lacks both a proper foundation and authentication. Notably, the Government ignores the fact that Dr. Wang did not submit Western blot images directly to the NIH and simply concludes that whatever is found on Dr. Wang's device must be what Cassava Sciences, Inc. ("Cassava") submitted to the NIH without offering evidence in support of that conclusion. Furthermore, the Government has still not proffered any witness with personal knowledge as to whether the Western blot images are what the Government alleges them to be. Instead, the Government cites to three cases to support an argument that there is enough circumstantial evidence to support its conclusions, but these cases either involve witnesses with personal knowledge or do not support the Government's proposition.  For these reasons and those stated more fully in Defendant Dr. Hoau-Yan Wang's Motion in Limine to Exclude Digital Images of Western Blots, the Court should exclude the Western blot images from evidence absent proper foundation and authentication from the Government, or at the least, preclude the Government from referring to the Western blot images as "source images" or "white box images."

## I. ARGUMENTS AND AUTHORITIES

**A. The Government has not shown a sufficient chain of custody evidencing the images are what they are alleged to be.**

The Government's attempt to authenticate the Western blot images skips crucial steps in the chain of custody. First, the Government alleges that Dr. Wang sent images to Cassava, which then submitted the grant proposals to the NIH (Doc. 1 ¶ 10), but the Government does not offer a single witness from Cassava or the NIH to establish anything about the chain of custody of the images. In other words, there is no evidence as to whether Cassava altered the images before submitting them to the NIH or whether the NIH's processes somehow altered the images.

Second, the Government's allegations and reasoning require the Court to make an unsupported assumption that the "source images" are the correct original images from which both the "white box images" and the NIH grant application images derived. But, as the defense expert reports establish, there is no forensic evidence contained in the images from which that conclusion can be drawn.

The fatal flaws in the foundation of the Government's evidence makes it impossible for a jury to reasonably conclude that the images are what the Government alleges they are, and the Court should not open the gate to that jury question without a satisfactory foundation. *United States v. Davis*, 918 F.3d 397, 402 (4th Cir. 2019) ("We recognize that the district court's role, as the presider over the trial, "is to serve as gatekeeper in assessing whether the proponent has offered a satisfactory foundation from which the jury could reasonably find that the evidence is authentic."). The Government has failed to make the necessary *prima facie* showing that the images they intend to offer into evidence as the "source images" and "white box images" are related to the ones Cassava submitted to the NIH. *See United States v. Vidacak*, 553 F.3d 344, 349 (4th Cir. 2009).

**B.	The Government has not proffered a witness with personal knowledge to authenticate the images at issue and the alleged circumstantial evidence is not enough.**

The Government has proffered no "witness with personal knowledge of the [Western blots] depicted who can testify that the [digital image] fairly and accurately depicts it." *See Lorraine v. Markel Am. Ins. Co.*, 241 F.R.D. 534, 561 (D. Md. 2007). Nor has the Government proffered "a witness with personal knowledge that the conversion process [of the Western blot films into digital images] produces accurate and reliable images." *See id.* In fact, the Government acknowledges that the alleged "source images" themselves "had been modified" since they were uploaded on Dr. Wang's devices, but does not explain the significance of that modification. (Doc. 107 at 4). Without someone with personal knowledge, the Government cannot confirm that any alleged "source image" is an exact image of Western blots scanned from Dr. Wang's tests.

Instead of a witness with personal knowledge, the Government only offers the testimony of Special Agent Weeks ("SA Weeks") and Dr. Paul Brookes ("Dr. Brookes")—neither of whom have personal knowledge of the Western blots—to authenticate the images. (Doc. 107 at 7). SA Weeks can only testify that images were taken from Dr. Wang's devices. (*Id.*). Dr. Brookes, in turn, has only compared the images sent by SA Weeks with the final published images, but has no authenticated images by which he can confirm the authenticity of the images provided by SA Weeks. (*Id.* at 4.). Neither individual has personal knowledge of whether any of the images accurately depict the Western blots that Dr. Wang scanned or prepared for publication. Without this crucial personal knowledge, any attempt at authentication lacks a satisfactory foundation. *See Davis*, 918 F.3d at 402; *Lorraine*, 241 F.R.D at 561. There are simply too many missing pieces for circumstantial evidence to be enough for authentication.

The Government's attempt at authentication through circumstantial evidence is also unlike any of the cases it cites in support. In *Smith*, a co-defendant testified as to the date and contents of

the video evidence at issue, which cured any inadequate authentication. *United States v. Smith*, No. 23-4242, 2025 U.S. App. LEXIS 1114, at *10-11 (4th Cir. Jan. 17, 2025). In *Davis*, the Government had a witness with personal knowledge who "sat next to [the informant] and watched her send and receive text messages" then "took photographs of her cellphone screen" with permission. *Davis*, 918 F.3d at 401. Therefore, the Government in *Davis* satisfied the authentication requirement of a witness with personal knowledge as to how the images were created. Finally, the Government's citation to *Umana* is apparently incorrect, because the decision does not reference any admission by circumstantial evidence of the correspondence documentation at issue in that case. (Doc. 107 at 7); *United States v. Umana*, 707 F. Supp. 2d 621, 627 (W.D.N.C. 2010).

Without a prima facie showing that the images are what the Government alleges them to be, the Court should exclude the Western blot images from being admitted into evidence. *See Vidacak*, 553 F.3d at 349. Even if the Court decides that the evidence should be presented to the jury, the Court should preclude the Government from referring to these images as "source images" or "white box images," so as to avoid unfounded inferences readily suggested by those terms. Instead, due to the lack of a sufficient foundation, the Government should at most be permitted to refer to these images by their applicable file type (e.g., PDF image, JPEG image, etc.). Otherwise, Dr. Wang would be unfairly prejudiced by the jury being misled into thinking that the images were already shown to be "source images" or "white box images."

Dated: October 15, 2025                Respectfully submitted,

/s/ Joanne Zimolzak
Joanne Zimolzak (19342)
DYKEMA GOSSETT PLLC
1301 K Street NW
Suite 1100 West
Washington, D.C. 20005
(202) 906-8600
jzimolzak@dykema.com

Jennifer L. Beidel (Pro Hac Vice)
Mark Chutkow (Pro Hac Vice)
Timothy Caprez (Pro Hac Vice)
Emma Blackwood (Pro Hac Vice)
DYKEMA GOSSETT PLLC
39577 Woodward Avenue
Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
Email: jbeidel@dykema.com
mchutkow@dykema.com
tcaprez@dykema.com
eblackwood@dykema.com

*Counsel for Defendant*
*Dr. Hoau-Yan Wang*

# CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of October, 2025, I filed the foregoing Reply in Support of Defendant Hoau-Yan Wang's Motion in Limine using the Court's CM/ECF system. The CM/ECF system sent a "Notice of Electronic Filing" to all counsel of record who have entered an appearance in this matter.

Dated: October 15, 2025　　　　　　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　 */s/ Jennifer L. Beidel*　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　Jennifer L. Beidel (Pro Hac Vice)
　　　　　　　　　　　　　　　　　　　　　　　　　　DYKEMA GOSSETT PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　jbeidel@dykema.com